## WARRANTS FOR SEARCH AND SEIZURE MUST BE STRICTLY CONSTRUED.

Municipal Court for the City of Columbus.

### THE CITY OF COLUMBUS v. JOHN BUEHLER *

Decided, March 16, 1921.

*Search Warrants—Must Specify with Exactness the Persons and Property Covered—John Doe Warrants not Available in Cases of Violation of Liquor Laws—No authority or Discretion Vested in Officer Serving the Warrant Beyond that Specifically Stated.*

1. A search warrant, issued under the Crabbe and Miller acts and authorizing officers to enter residences and business houses for the purpose of searching for and seizing intoxicating liquor illegally manufactured or obtained, must be issued by a proper officer and be based upon an affidavit which states specifically the place to be searched, the person to be seized and the things to be sought, and that the affiant believes and has good reason to believe that the things sought are there concealed; the warrant with the affidavit annexed must be directed to an authorized officer; the search must be made in the daytime unless there is urgent necessity that it be made at night; the search must be limited to the building or room specified in the affidavit, and to the person or persons therein named; and the goods siezed must be limited to those set out in the warrant, regardless of the fact that other goods of the same character are found during the search.

2. A warrant for search of the premises of and the arrest of E does not authorize the officer to proceed with the search upon learning that the present owner is B. His only recourse is to procure a new warrant for search of said premises with B named as the owner and person subject to arrest.

*Paul M. Herbert,* on behalf of plaintiff.

*Don W. Hamilton,* on behalf of defendant.

OSBORN, J.

This question comes up on demurrer filed by the defendant, Buehler, and assigning among other various reasons set forth the principal one that the search warrant on which the officer

*Error not prosecuted.

secured the evidence and made the arrest was not valid, and that the officer was not authorized by law to serve it or go upon the premises of John Buehler or to search his premises.

As there have been motions in similar cases filed attacking the use and validity of the search warrant, it is deemed proper that the court take up the whole question of the operation and the validity of a search warrant. A search warrant is generally defined to be an order in writing in the name of the state, signed by a magistrate and directed to a peace officer, commanding him to search for personal property and bring it before the magistrate.

The danger of the search warrant has been so clearly apprehended that it has been found necessary to have it surrounded by constitutional provisions, and the different states have also found it necessary to enact statutes governing the same.

It is what would be called in law an extraordinary proceeding, and it is a very serious measure and a very effective one when used in the proper manner; on the other hand, if it is not served as is prescribed by law it is a very dangerous measure, for the reason that it attacks the very liberty and freedom of every citizen in what is the most sacred of his possessions, his home.

1. Our state has provided the proper way that a warrant should be issued and served. It provides, in the first place, that this warrant may be issued by a justice of the peace, mayor or police judge and has enumerated the different kinds of property for which such warrants may be issued.

In this case the statutes known as the Crabbe and Miller acts have provided that officers may enter residences and business houses for the searching and seizing of liquors illegally manufactured or obtained.

2. The statute provides that this warrant shall not be issued until there is filed with the magistrate an affidavit particularly describing the house or place to be searched, the person to be seized and the things to be sought, and further that affiant

believes and has good cause to believe that such things are there concealed.

3. The warrant for search shall be directed to the proper officer and by a copy of the affidavit inserted therein or annexed or referred to shall show or recite all material facts alleged in the affidavit and particularly describe the thing to be searched for, the house or place to be searched and the person to be seized, and furthermore that it shall be made in the day time unless there is urgent necessity of search in the night, in which case a search in the night may be ordered.

Taking up the statute in detail, in the first place, our code has provided that this affidavit for search warrant may be filed with the clerk of police court and that he shall have the power to issue warrant under seal of said court and arrest the accused or search the house described.

The warrant must particularly state the place to be searched. In other words, if this warrant states that one room may be searched, then that is the only place that can be searched. An officer has no right to search a whole house when the warrant only calls for him to search one room. Furthermore, if this warrant orders him to search a certain house it does not mean that he can search any other buidings adjacent to this property, although he might learn that the articles that he is searching for would be in this other building. It would be necessary for him to get a new search warrant for that building in order for him to search for and seize those goods.

Another question that arises is the right of officers to search the persons or the occupants of a room. Unless the warrant states the names of the persons to be searched, the officers have no right to search any person or persons that may be in the place at the time the warrant is being served.

4. One of the principal questions that arises in this case is as to the name of the person in the search warrant. There have been some warrants issued in which the name of the person was not known to the officer and the name John Doe was substituted. In my opinion this was one of the very reasons that the statute

clearly sets out that the name of the person shall be in the warrant, to prevent the use of the name of John Doe, which in legal parlance is always used when the real party in interest is not known.

The continuance of the use of the name John Doe would lead to too many abuses and as the statute provides that the exact name must be set out any other method would be in violation of law.

5.    Only the goods that are set out in the search warrant can be seized; no matter if the officer sees other goods there in violation of law he would have no right to seize them because he is going there and acting under authority of the warrant that he has and he can not go beyond what that warrant states.

6.    The officer serving the search warrant must serve it at reasonable hours; he can not get it and serve it in the night season unless he makes a proper showing to the magistrate, or in this case the clerk of the police court, that a certain necessity arises where it would be impossible to serve the warrant in the day time; and in order to serve it in the night time he must make it very clear to the officer who issues the said warrant.

In the case at bar the officer who swore to the search warrant says that he believed and had good cause to believe that a Mrs. B. Evans possessed certain liquor; but when he arrived there instead of searching the premises of Mrs. B. Evans he arrested John Buehler whom he claimed was the present owner of the place.   Under the statute as laid down and as has been expressed here, it was the duty of the officer to have returned and procured a search warrant for the residence of John Buehler, because he was the person sought to be arrested and the officer had no right to search the premises of John Buehler when the warrant specifically said the residence of Mrs. B. Evans.   An officer has no right to enter a residence without having a warrant authorizing him to enter that residence.   As the court has just stated the search warrant is one of the most important implements that is used in the furtherance of justice, and if not used in the proper way is liable to be greatly abused and when

it is so abused it infringes upon the most sacred rights of our citizens, whether it is used in a residence or a business place. Therefore the warrant must be construed strictly. Every particular must be set out as is provided in the statute.